UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

KIM AMOS and JACK AMOS,

     Plaintiffs,

v.                        CASE NO.:   **CV522-010**

JAMES C. HODGE and LISA
C. HODGE,

     Defendants.

---

## COMPLAINT

---

### JURISDICTION AND VENUE

1.

Plaintiffs Kim Amos and Jack Amos are Georgia citizens and residents.

2.

The events and actions which form the basis of this lawsuit occurred in Coffee County, Georgia.  Further, the real property involved in this lawsuit is in Coffee County, Georgia.

3.

Defendants James C. Hodge and Lisa C. Hodge are Texas citizens and residents and can be served at 1101 10th St., Northlake, TX. Defendants lived in and committed torts in Coffee County, Georgia leading to this lawsuit and are subject to venue and jurisdiction in this Court pursuant to 28 U.S.C. § 1332 and O.C.G.A. § 9-10-93.

4.

Plaintiffs claim in excess of $75,000.00 in damages in this action.

## FACTS

5.

On July 26, 2021, Defendants sold a home and land located at 433 Inlet Harbour Dr., Douglas, GA 31535 to Plaintiffs.   Ex. 1, Settlement Statement; Ex. 2, Contract.

6.

Defendants, as required by Georgia law, had a duty to disclose to latent and/or hidden defects of which they were aware and which could not have been discovered by Plaintiffs through a reasonable inspection of the property.   Ex. 2, paragraph 8, d.

7.

Defendants stated there were no roof leaks, or other problems with the roof, roof flashing, gutters, or downspouts.   Ex. 2, unlabeled exhibit to contract, § 7.

8.

Defendants stated there had been no water intrusion into the dwelling.   Ex. 2, unlabeled exhibit to contract, § 8.

9.

Defendants also stated there had been no repairs made to control water intrusion in the dwelling.   Ex. 2, unlabeled exhibit to contract, § 8.

10.

At all times relevant to this action, Defendants knew of water intrusion and leaks in the roof of the home.

11.

At all times relevant to this action, Defendants knew of repairs made to the home as a result of water intrusion therein.

12.

Further, Defendants knowingly did not make repairs needed due to water intrusion because they intended to sell the home.

13.

Plaintiffs hired a contractor to inspect the home before they purchased it.   Despite an inspection by the contractor, these latent defects were not discovered.

14.

Defendants failed to disclose latent and/or hidden defects which could not have been discovered through a reasonable inspection of the home.

15.

Defendants fraudulently answered no to multiple questions in §§ 7 and 8 of the unlabeled exhibit to the sales agreement.

16.

The latent and hidden defects in the residence are so severe and pervasive to necessitate repairs in excess of $300,000 and to render the home uninhabitable without these repairs.

## COUNT I:    FRAUD

17.

All of the allegations contained within the Plaintiffs' complaint not specifically included in this count are incorporated herein by reference as if fully set forth verbatim.

18.

Defendants knowingly made false representations to Plaintiffs regarding the condition of the home.

19.

Defendants induced Plaintiffs to act based on these false representations.

20.

Plaintiffs justifiably relied on Defendants' false representations.

21.

Plaintiffs have suffered damage as a result of Defendants' false representations.

## COUNT II: FRAUD IN THE INDUCEMENT/MISREPRESENTATION –

22.

All of the allegations contained within the Plaintiff's complaint not specifically included in this count are incorporated herein by reference as if fully set forth verbatim.

23.

Plaintiffs purchased the residence at 433 Inlet Harbour Dr., Douglas, Georgia based on the false representations of Defendants.

24.

Plaintiffs were assured by Defendants' false representations that the residence did not have roof leaks or other water intrusion and had not had repairs made to control water intrusion.   Plaintiffs relied upon these assurances in deciding to purchase the home.

25.

Defendants knew their representations regarding water intrusion, roof leaks, and repairs were false.

26.

Defendants made the above referenced false representations to deceive Plaintiffs and induce them to purchase said residence.

27.

Plaintiffs relied to their detriment on these misrepresentations and has been damaged as a result thereof.

## COUNT III: FRAUDULENT CONCEALMENT IN THE INDUCEMENT/MISREPRESENTATION

28.

All of the allegations contained within Plaintiffs' complaint not specifically included in this count are incorporated herein by reference as if fully set forth verbatim.

29.

Defendants had an obligation to disclose and not to suppress and conceal material facts regarding the residence.   Concealment of material facts amounts to fraud when the concealment is of intrinsic qualities of the thing being sold that the other party by the exercise of ordinary prudence and caution could not discover.

30.

Defendants intentionally suppressed and concealed from the Plaintiffs material facts including but not limited to representations that the residence did not have roof leaks or water intrusion and that no repairs had been made as a result of water intrusion.

31.

Defendants had an obligation to disclose these matters under Georgia law. Plaintiffs relied to their detriment on this obligation and have been damaged as a result thereof.  Defendants are liable to Plaintiffs for the fraudulent concealment and misrepresentation in an amount to be determined at trial.

## COUNT IV: BREACH OF CONTRACT

32.

All of the allegations contained within the Plaintiff's complaint not specifically included in this count are incorporated herein by reference as if fully set forth verbatim.

33.

Defendants failed to disclose latent defects as required by the contract.

34.

Defendants breached their duties pursuant to the contract to disclose latent defects to Plaintiffs.

35.

Defendants are liable to Plaintiffs for damages resulting from this breach of contract in an amount to be determined at trial.

## COUNT V:   DAMAGES

### 36.

All of the allegations contained within the Plaintiff's complaint not specifically included in this count are incorporated herein by reference as if fully set forth verbatim.

### 37.

Plaintiff seeks all damages caused by the actions of the Defendants, including, without limitation, incidental expenses and other consequential damages to be proven at trial including, but not limited to; the costs to remedy the hidden and latent defects in the residence which Defendants did not disclose, which are well in excess of $300,000.00; and loss of use of the property until necessary repairs can be made at the rate of $80 per day beginning September 11, 2021.

### 38.

The fraudulent behavior of Defendants described herein was committed intentionally and with specific intent to cause harm so as to allow punitive damages, without cap, to be recovered.   As a result, Plaintiffs are entitled to recover unlimited punitive damages against Defendants pursuant to O.C.G.A. § 51-12-5.1.

39.

The conduct of Defendants, fraud, entitles Plaintiffs to recover expenses of litigation, including attorney's fees.   Plaintiffs hereby claim attorneys' fees and expenses of litigation.

40.

Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiffs unnecessary trouble and expense by their actions as described herein.   Plaintiff, therefore, also seeks recovery of reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. §§ 13-6-11, 9-15-14 and any other applicable code section because of Defendants' bad faith in the underlying transaction.

WHEREFORE, Plaintiffs demand:

(1) An award of the full value of all repairs necessary as a result of roof leaks and water intrusion in the residence;

(2) that process and summons relative to the defendants be issued and served upon defendants according to law;

(3) that the court award Plaintiffs all available damages under Georgia law, damages, including but not limited to any and all compensatory damages,

consequential damages, punitive damages, and all attorney's fees and other litigation

expenses;

(4) verdict and judgment against defendants;

(5) that all costs of this action be cast upon defendants;

(6) that Plaintiff have such other and further relief as the court deems appropriate.


        TRIAL BY JURY IS HEREBY DEMANDED.

                                **THE KING FIRM**

                                */s/ J. L. King, II*
                                J. L. King, II
1603 N. U.S. Hwy 41             Georgia Bar No. 142285
P.O. Box 746                    Attorney for Plaintiffs
Tifton, GA 31793
(229) 386-1376
(229) 386-1377(f)
JL@KingTrialLaw.com

10